PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 16 2006

at __10__ o'clock and __40__ min. __A__ M
SUE ___ CLERK

# United States District Court

## for the

## DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  ROBERT L. BAKER              Case Number:  CR 03-00357SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence:  10/18/2004

Original Offense:   Count 1: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), a Class C felony; and Count 2: Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1), a Class C felony

Original Sentence:  33 months imprisonment as to each count, to be served concurrently, to be followed by concurrent 3-year terms of supervised release.  The following special conditions were imposed: (1) that the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; (2) that the defendant is prohibited from possessing any illegal or dangerous weapons; (3) that the defendant provide the Probation Office access to any requested financial information; (4) that the defendant participate in a mental health program at the discretion and direction of the Probation Office; and (5) that the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Type of Supervision:  Supervised Release      Date Supervision Commenced:  5/31/2006

# PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

*General Condition*    *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).*

*Special Condition 1*    *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

# CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Special Condition No. 1 | On 9/5/2006 and 10/4/2006, the subject failed to report for drug testing. |
| 2. General Condition and Standard Condition No. 7 | On 9/21/2006, the subject provided a urine specimen that tested positive for methamphetamine. |

The subject was scheduled to be released from federal custody on 11/21/2005. On 11/16/2005, this officer met with the subject at the Federal Detention Center in Honolulu and reviewed the conditions of his supervised release. The subject acknowledged understanding all of his conditions, including the requirement that he participate in a substance abuse treatment program which would include drug testing. Upon the subject's release from federal custody, he was transferred to the custody of the State of Hawaii, pursuant to a detainer warrant.

The subject was eventually released from State of Hawaii custody on 5/31/2006. On 6/1/2006, the subject was provided with a copy of his conditions of supervised release. He was immediately referred to Drug Addiction Services of Hawaii, Inc. (DASH) in Hilo for drug testing but was not referred to counseling because he was still in the process of selecting which side of the Big Island in which to reside. The drug testing procedures were explained to the subject and it was made clear that he had to call the drug testing recording everyday in order to retrieve the drug testing instructions for the following day.

**Violation Nos. 1 and 2 - Failure to Report for Drug Testing and Positive Test for Methamphetamine:** On 9/5/2006, the subject failed to report for drug testing at DASH. When asked about his failure to report, the subject indicated that he had failed to call the drug testing recording. He added that he had been in Kona assisting his wife, who is suffering from a severe and debilitating spine injury. It should be noted that on 8/22/2006, the subject was advised that he could call this officer if for any reason he was going to be unable to report for a drug test. The subject did not contact this officer on 9/5/2006.

On 9/21/2006, the subject provided a urine specimen at DASH that tested positive for methamphetamine. When asked about the positive test, the subject admitted that he had used methamphetamine one or two days before the drug test. Despite the subject's continued fluctuation of residences between Kona and Hilo, he was instructed to immediately enroll in substance abuse counseling at DASH.

On 10/4/2006, the subject failed to report for drug testing at DASH. When questioned about his failure to report, the subject explained that he had been preoccupied because of a recent motor vehicle accident involving himself, his wife, and his daughter. However, the subject conceded that he could have appeared for drug testing that day but failed to do so.

It is recommended that the Court take no further action at this time. The subject has admitted his relapse and appears to recognize the need to address his substance abuse issues in a positive and constructive manner. In addition, after some prompting from this officer, the subject has agreed to stabilize his residential status by settling in Hilo and will consequently be closer to both his substance abuse and mental health treatment programs. Further, the subject has agreed to modify his conditions of supervision to allow the Probation Office to conduct more frequent drug tests outside his current treatment program. The subject understands that further violations may result in harsher sanctions, including the revocation of his supervised release.

Prob 12B
(7/93)

4

    Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

*Martin Romualdez*

J. MARTIN ROMUALDEZ
U.S. Probation Officer


Approved by:

*Timoth m. Jenk__*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 10/12/2006

---

THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[ ] Other

The Honorable Susan Oki Mollway
U.S. District Judge

OCT 1 3 2006

Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Supervised Release

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Supervised Release. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervised Release:

[ X ]   To modify the conditions of supervision as follows:

General Condition   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).

Special Condition 1   That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Witness: _J. Martin Romualdez_ (signature)
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Signed: _Robert L. Baker_ (signature)
ROBERT L. BAKER
Supervised Releasee

10-5-06
Date