Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

# SEALED BY ORDER OF THE COURT
United States District Court

for the

DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 13 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

U.S.A. vs. ROBERT L. BAKER                    Docket No. CR 03-00357SOM-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW J. MARTIN ROMUALDEZ, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of ROBERT L. BAKER who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 18th day of October 2004, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

On 10/13/2006, the Court modified the subject's conditions of supervised release, based on violations that included his failure to report for drug testing and his testing positive for methamphetamine. The Court modified the general drug testing condition in order to accommodate the requirements of U.S. v. Stephens, and also modified Special Condition No. 1 as follows:



SEALED
BY ORDER OF THE COURT

1. That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Probation Forms 7A and 12B attached) as follows:

1. On 9/5/2006, 9/27/2006, 10/4/2006, 10/20/2006, and 10/24/2006, the subject refused to comply with drug testing imposed as a condition of supervised release, in violation of Special Condition No. 1.

2. On 9/21/2006, the subject provided a urine specimen that tested positive for methamphetamine, and on 10/30/2006, the subject provided a urine specimen that tested positive for marijuana, in violation of the General Condition and Standard Condition No. 7.

3. From on or about 8/29/2006 through 10/5/2006, the subject failed to participate in a mental health program, in violation of Special Condition No. 4.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

**PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:**

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   11/9/2006

_____
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

_____
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

---

**ORDER OF COURT**

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 9th day of November, 2006, and ordered filed and made a part of the records in the above case.

_____
SUSAN OKI MOLLWAY
U.S. District Judge

Re:   **BAKER, Robert L.**
**Criminal No. CR 03-00357SOM-01**
**REVOCATION OF SUPERVISED RELEASE**


### STATEMENT OF FACTS

The subject was convicted of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), a Class C felony; and Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1), a Class C felony. On 10/18/2004, the Court sentenced the subject to 33 months imprisonment on each count, to run concurrently, to be followed by concurrent 3-year terms of supervised release. The subject was scheduled to be released from federal custody to commence his supervision period on 11/21/2005. On 11/16/2005, this officer met with the subject at the Federal Detention Center in Honolulu and reviewed the supervision conditions with the subject, who acknowledged understanding all of them.

On 11/21/2005, the subject was transferred to the custody of the State of Hawaii, based on a detainer filed against the subject for violating his conditions of probation in a State case. His State probation was subsequently revoked and he was imprisoned until 5/31/2006.

On 5/31/2006, the subject was released from State custody and commenced his federal term of supervised release. On 6/1/2006, the subject was provided with a copy of his federal supervision conditions. In addition, he was referred to Drug Addiction Services of Hawaii, Inc. (DASH) in Hilo in order to participate in the federal drug aftercare program. The drug testing procedures were explained to the subject and it was made clear that he had to call the drug testing recording everyday in order to retrieve the drug testing instructions for the following day. The subject commenced the drug-testing component of the program on 6/5/2006. However, because the subject had not yet established a permanent residence on either side of the Big Island, his participation in all components of the program was delayed.

On 8/22/2006, this officer personally met with the subject, who asked this officer what he should do if he was unable to make a drug test. He added that he was assisting his wife, who was disabled due to a spinal condition, and was taking her to various medical appointments in Kona. This officer instructed the subject to inform this officer if he was unable to report for any drug tests for any reason and to do so before the end of the drug testing period at DASH. This officer stressed that calls received after the termination of drug testing would not be excused.

Re:   **BAKER, Rober L.**
      **Criminal No. CR 03-00357SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

**Violation Nos. 1 & 2 - Refusal to Comply With Drug Testing; Testing Positive for Methamphetamine and Marijuana:** On 9/5/2006, the subject failed to report for drug testing at DASH. This officer did not receive any calls from the subject on this date. When questioned, the subject admitted that he had failed to call the drug testing recording the day before but added that he had been taking his wife to a medical appointment in Kona at the time. The subject apologized for his failure to report and assured this officer that it would not happen again if he was given another chance.

On 9/12/2006, this officer personally met with the subject and again reviewed the procedures for drug testing, including the required calls to the Probation Office before the end of drug testing in order to be considered for a valid excuse. The subject acknowledged that he understood the requirements and would abide by them.

On 9/21/2006, the subject provided a urine specimen at DASH that tested positive for methamphetamine. When questioned, the subject admitted to having used methamphetamine and stated that he did so because of the increasing pressures of caring for his wife. He also stated that his wife was being uncooperative in the treatment of her condition, and he felt that it was time for him to decrease his involvement, as he was beginning to relapse into illicit substance abuse. This officer agreed with the subject's assessment and encouraged him to concentrate on his own recovery at this time. In addition, the subject consented to the modification of his conditions in order to permit the Probation Office to drug test him more frequently during field visits, consistent with the requirements of U.S. v. Stephens. Finally, the subject also agreed to commence his participation in counseling at DASH.

On 9/27/2006, the subject failed to report for drug testing at DASH. This officer received a call from the subject three minutes before the end of drug testing, indicating that he had gone to Kona to pick up his wife, who had discharged herself from the hospital. However, upon arriving in Kona, the subject indicated that his wife was no longer at the hospital. The subject's failure to report for drug testing was not excused, as the subject could have reported for drug testing before going to Kona but failed to do so.

On 10/4/2006, the subject failed to report for drug testing at DASH. This officer received a call from the subject after the end of drug testing, indicating that he would not be able to report for drug testing. When questioned, the subject explained that he had been preoccupied because of a recent motor vehicle accident involving himself, his wife, and his daughter. However, the subject conceded that he could have appeared for drug testing that day but failed to do so.

Re:   **BAKER, Rober L.**
      **Criminal No. CR 03-00357SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

On 10/5/2006, this officer personally met with the subject and again reminded him of the drug testing procedures. In addition, this officer administered a drug test. The subject's urine specimen tested presumptively negative for any controlled substance, despite the subject's admission that he had taken prescription opiate medication earlier that day. Given this unusual circumstance, the specimen was forwarded to Scientific Testing Laboratories, Inc. (STL) for further tests. The laboratory test results indicated that the subject's specimen was "diluted." It should be noted that those under supervision will often attempt to avoid the detection of illegal substance abuse by either failing to report for drug testing or flushing their system with liquids in order to dilute any illegal substance in their system to the point of non-detection.

Also on 10/5/2006, the subject agreed to remain in Hilo from now on in order to ensure that he would be able to make every drug test and counseling session at DASH. On 10/6/2006, the subject confirmed that he had a stable residence in Hilo and was attempting to find employment.

On 10/24/2006, the subject failed to report for drug testing at DASH. This officer received a call from the subject one minute before the end of drug testing, indicating that he was in Honokaa, which is located a few hours away from Hilo, and that he would be unable to submit to drug testing. The subject stated that he was attempting to hitchhike back to Hilo. When questioned about his being away from Hilo, the subject stated that he had gone to Kona once again in an attempt to assist his wife. The subject added that he had boarded a bus bound for Hilo that morning, but had missed the connecting bus because of a bathroom break that he had taken.

On 10/30/2006, the subject provided a urine specimen at DASH that tested positive for marijuana. When questioned, the subject admitted to having taken four hits from a marijuana joint while hanging out and conversing with his wife. The subject then repeated his reassurances to this officer that this was the last time he would violate his conditions of supervision.

**Violation No. 3 - Failure to Participate in Mental Health Program**: On 8/2/2006, this officer's supervisor instructed the subject to complete a mental health assessment by 9/1/2006 in order to provide the Probation Office with an accurate status report on the subject's mental stability. On 8/22/2006, this officer personally met with the subject and discussed his participation in a mental health treatment program. The subject informed this officer that he had an appointment scheduled with the Adult Mental Health Agency of the State of Hawaii on 8/29/2006 at 8:00 a.m.

Re:   **BAKER, Rober L.
Criminal No. CR 03-00357SOM-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 4**

On 9/12/2006, the subject informed this officer that he had missed his 8/29/2006 appointment with the Adult Mental Health Agency and had not rescheduled another appointment. This officer instructed the subject to contact the agency by 9/15/2006 in order to schedule a new appointment.

On 10/5/2006, the subject informed this officer that he had again missed his appointment with the Adult Mental Health Agency and was unable to provide any information regarding a new appointment time.

The subject's pattern of non-compliance is blatant and persistent. His refusal to comply with drug testing eviscerates any attempt to monitor his adherence to sobriety and undermines his participation in substance abuse treatment. Moreover, his testing positive for two different illegal drugs indicates that he has returned to a lifestyle of substance abuse and that he is spiraling out of control. To make matters worse, the subject's failure to abide by the most simple and direct instructions regarding his mental health effectively neutralizes any attempt to assess the subject's current state of mind and stability. The subject's return to the use of illicit substances, when coupled with his failure to pursue appropriate mental health treatment, creates an unacceptable risk to the community. Consequently, we request that the Court issue a No Bail warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

Respectfully submitted by,

_____
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

_____
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

JMR/ct

Re:    **BAKER, Rober L.**
       **Criminal No. CR 03-00357SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 5**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

That the defendant shall remain on the island of Oahu, at least until he successfully completes all treatment programs and up to the entire term of his supervised release, unless otherwise approved by the Probation Office. The defendant must demonstrate that he has a suitable residence and verifiable employment at any proposed destination outside the island of Oahu.

PROB 7A
(Rev. 9/00; D/HI 7/02)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:      ROBERT L. BAKER                                   Docket No. CR 03-00357SOM-01
Address:

*RLB* Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 3 years commencing upon release from confinement.

*RLB* While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

*RLB* The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only). *on County of State of Hawai'i RB*

[X]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

*RLB* **For offenses committed on or after September 13, 1994:**

*RLB* The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

*RLB* (1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

*RLB* (2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

*RLB* (3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

*RLB* (4)  The defendant shall support his or her dependents and meet other family responsibilities;

*RLB* (5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

*RLB* (6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

*RLB* (7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

*RLB* (8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

*RLB* (9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

*RLB* (10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

*RLB* (11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

*RLB* (12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

*RLB* (13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

SEE ATTACHED.

*RLB*  Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

*RLB*  These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   11-16-05
ROBERT L. BAKER, Defendant          Date

_____   11-16-2005
J. MARTIN ROMUALDEZ          Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:   ROBERT L. BAKER
      Docket No. CR 03-00357SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1) *RLB* That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2) *RLB* That the defendant is prohibited from possessing any illegal or dangerous weapons.

3) *RLB* That the defendant provide the Probation Office access to any requested financial information.

4) *RLB* That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5) *RLB* That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

*RLB* These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____Robert L. Baker_____         11-16-05
         ROBERT L. BAKER, Defendant          Date

         _____J. Martin Romualdez_____      11-16-2005
         J. MARTIN ROMUALDEZ                Date
         U.S. Probation Officer

PROB. 12B
(7/93)

# United States District Court

## for the

## DISTRICT OF HAWAII

RECEIVED '06 OCT 15 P11:17
U.S. PROBATION OFFICE
HONOLULU, HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 16 2006
at 10 o'clock 40 min. A
SUE ___ CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: ROBERT L. BAKER          Case Number: CR 03-00357SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                        U.S. District Judge

Date of Original Sentence: 10/18/2004

Original Offense:   <u>Count 1</u>: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), a Class C felony; and <u>Count 2</u>: Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1), a Class C felony

Original Sentence:   33 months imprisonment as to each count, to be served concurrently, to be followed by concurrent 3-year terms of supervised release. The following special conditions were imposed: (1) that the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; (2) that the defendant is prohibited from possessing any illegal or dangerous weapons; (3) that the defendant provide the Probation Office access to any requested financial information; (4) that the defendant participate in a mental health program at the discretion and direction of the Probation Office; and (5) that the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

<u>Type of Supervision</u>: Supervised Release     Date Supervision Commenced: 5/31/2006

Prob 12B
(7/93)

2

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

*General Condition*   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).*

*Special Condition 1*   *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Special Condition No. 1 | On 9/5/2006 and 10/4/2006, the subject failed to report for drug testing. |
| 2. General Condition and Standard Condition No. 7 | On 9/21/2006, the subject provided a urine specimen that tested positive for methamphetamine. |

The subject was scheduled to be released from federal custody on 11/21/2005. On 11/16/2005, this officer met with the subject at the Federal Detention Center in Honolulu and reviewed the conditions of his supervised release. The subject acknowledged understanding all of his conditions, including the requirement that he participate in a substance abuse treatment program which would include drug testing. Upon the subject's release from federal custody, he was transferred to the custody of the State of Hawaii, pursuant to a detainer warrant.

The subject was eventually released from State of Hawaii custody on 5/31/2006. On 6/1/2006, the subject was provided with a copy of his conditions of supervised release. He was immediately referred to Drug Addiction Services of Hawaii, Inc. (DASH) in Hilo for drug testing but was not referred to counseling because he was still in the process of selecting which side of the Big Island in which to reside. The drug testing procedures were explained to the subject and it was made clear that he had to call the drug testing recording everyday in order to retrieve the drug testing instructions for the following day.

Prob 12B
(7/93)

3

**Violation Nos. 1 and 2 - Failure to Report for Drug Testing and Positive Test for Methamphetamine:** On 9/5/2006, the subject failed to report for drug testing at DASH. When asked about his failure to report, the subject indicated that he had failed to call the drug testing recording. He added that he had been in Kona assisting his wife, who is suffering from a severe and debilitating spine injury. It should be noted that on 8/22/2006, the subject was advised that he could call this officer if for any reason he was going to be unable to report for a drug test. The subject did not contact this officer on 9/5/2006.

On 9/21/2006, the subject provided a urine specimen at DASH that tested positive for methamphetamine. When asked about the positive test, the subject admitted that he had used methamphetamine one or two days before the drug test. Despite the subject's continued fluctuation of residences between Kona and Hilo, he was instructed to immediately enroll in substance abuse counseling at DASH.

On 10/4/2006, the subject failed to report for drug testing at DASH. When questioned about his failure to report, the subject explained that he had been preoccupied because of a recent motor vehicle accident involving himself, his wife, and his daughter. However, the subject conceded that he could have appeared for drug testing that day but failed to do so.

It is recommended that the Court take no further action at this time. The subject has admitted his relapse and appears to recognize the need to address his substance abuse issues in a positive and constructive manner. In addition, after some prompting from this officer, the subject has agreed to stabilize his residential status by settling in Hilo and will consequently be closer to both his substance abuse and mental health treatment programs. Further, the subject has agreed to modify his conditions of supervision to allow the Probation Office to conduct more frequent drug tests outside his current treatment program. The subject understands that further violations may result in harsher sanctions, including the revocation of his supervised release.

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Supervised Release

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Supervised Release. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervised Release:

[ X ]   To modify the conditions of supervision as follows:

General Condition — *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).*

Special Condition 1 — *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

Witness: _J. MARTIN ROMUALDEZ_
U.S. Probation Officer

Signed: _ROBERT L. BAKER_
Supervised Releasee

10-5-06
Date