Prob 12C
Amended

(Rev. 3/95 D/HI)

ORIGINAL

# SEALED BY ORDER OF THE COURT
## United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 14 2007

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

U.S.A. vs. ROBERT L. BAKER     Docket No. CR 03-00357SOM-01

**AMENDED REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

COMES NOW KEVIN S. TERUYA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of ROBERT L. BAKER who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 18th day of October 2004, who fixed the period of supervision at 3 years as to each of Counts 1 and 2, with both terms to be served concurrently, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**Modification:** On 10/16/2006, the Court modified the General Condition and Special Condition No. 1, as a result of the offender's failure to comply with drug testing on two occasions, and a positive drug test for methamphetamine. The modified conditions were imposed as follows:

General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per



SEALED BY ORDER OF THE COURT

Prob 12C
(Rev. 3/95 D/HI)

2

month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).

Special Condition No. 1: That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**Modification**: On 11/13/2006, a Request for Course of Action as to Robert L. Baker was filed based on the following violations: 1) refusing to comply with drug testing on five occasions; 2) one positive drug test for methamphetamine and a second positive drug test for marijuana; and 3) failing to participate in mental health treatment.

On 1/11/2007, the Court found the offender violated Violation Nos. 2 and 3. The Court made no findings as to Violation No. 1. The Court ordered that these violations are to be held in abeyance until moved on. The Court also ordered that the hearing be continued to 4/26/2007 to review defendant's progress at Po'ailani dual diagnosis treatment program. The Court ordered that the defendant remain at the Federal Detention Center - Honolulu until availability of bed space at Po'ailani. The defendant was remanded to the custody of the U.S. Marshals Service.

On 4/30/2007, the Court found that the defendant violated Violation Nos. 2 and 3. The Court made no findings as to Violation No. 1. The Court ordered that these violations are to be held in abeyance until moved on. The Court ordered that the existing special conditions of supervised release were to remain unchanged with the addition of two additional conditions of supervised release:

> **That the defendant shall participate in the residential dual-diagnosis treatment program at Po'ailani, including any aftercare that may be deemed necessary, until he is clinically discharged.**
> **That the defendant shall remain on the island of Oahu, at least until he successfully completes all treatment programs and up to the entire term of his supervised release, unless otherwise approved by the Probation Office. The defendant must demonstrate that he has a suitable residence and verifiable employment at any proposed destination outside of the island of Oahu.**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Supplemental Alleged Violation(s) of Supervised Release

That the petition for Request for Course of Action dated 11/9/2006 and filed on 11/13/2006 include the following additional charges as follows:

4. On 11/13/2007, the offender submitted a urine specimen as part of his substance abuse treatment regimen and the specimen was confirmed positive for marijuana and morphine, in violation of Standard Condition No. 7 and Special Condition No. 1.

Prob 12C
(Rev. 3/95 D/HI)

3

5.  On 11/20/2007, the offender submitted a urine specimen as part of his substance abuse treatment regimen and the specimen was confirmed positive for morphine, in violation of Standard Condition No. 7 and Special Condition No. 1.

6.  On 11/21/2007 and 11/23/2007, the offender submitted a urine specimen as part of his substance abuse treatment regimen and the specimen was confirmed positive for marijuana and morphine, in violation of Standard Condition No. 7 and Special Condition No. 1.

7.  On 11/26/2007 and 12/3/2007, the offender submitted a urine specimen as part of his substance abuse treatment regimen and the specimen was confirmed positive for marijuana, in violation of Standard Condition No. 7 and Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that the Request for Course of Action filed on 11/13/2006 be supplemented to include the above-noted additional violations and that a No Bail Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Prob 12C
(Rev. 3/95 D/HI)

4

## PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] That the Request for Course of Action filed on 11/13/2006 be supplemented to include the above-noted additional violations and that a No Bail Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   12/12/2007

KEVIN S. TERUYA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS that the Request for Course of Action filed on 11/13/2006 be supplemented to include the above-noted additional violations and that a NO BAIL Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 12th day of December, 2007, and ordered filed and made a part of the records in the above case.

_____
SUSAN OKI MOLLWAY
U.S. District Judge

Re:   **BAKER, Robert L.**
      **Docket No. CR 03-00357SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

The offender pled guilty to Count 1: Felon in Possession of a Firearm and Count 2: Felon in Possession of Ammunition. On 10/18/2004, he was sentenced to thirty-three (33) months imprisonment as to each count to be served concurrently, to be followed by concurrent three (3) year terms of supervised release with the special conditions noted on the facesheet of the petition.

As indicated on the facesheet of the petition, the Court modified the supervised release conditions on two prior occasions, based on violations that are similar to the violations alleged in this petition. It is noted that the second modification was preceded by a revocation petition for which the Court made a finding to the violations but ordered that the offender enter a treatment program in lieu of serving a revocation imprisonment term. The offender was in custody from 12/7/2006 until 3/19/2007. On 3/19/2007, the offender entered the Po'ailani dual diagnosis program.

As background information, on 1/11/2007, the Court found that the offender violated Violation Nos. 2 and 3. The Court nullified its findings as to Violation No. 1. The Court ordered that these violations are to be held in abeyance until moved on. In addition, the Court ordered that the hearing be continued to 4/26/2007 (later continued to 4/30/2007) in order to review the offender's progress at Po'ailani. The offender was ordered to remain at the Federal Detention Center - Honolulu until availability of bed space at Po'ailani. The offender was remanded to the custody of the U.S. Marshals Service.

On 4/30/2007, the Court reiterated its findings that the offender violated Violation Nos. 2 and 3, and made no finding as to Violation No. 1. The Court ordered that these violations were to be held in abeyance until moved on. The Court ordered that the existing special conditions of supervised release previously ordered were to remain unchanged, with the addition of two additional conditions as noted on the facesheet of the petition.

The offender entered Po'ailani on 3/19/2007. He successfully completed the inpatient program and was transitioned to the intensive outpatient program. The offender was scheduled to complete the Po'ailani program in mid-November 2007. On 9/6/2007, however, Po'ailani abruptly suspended their aftercare program due to internal

Re: **BAKER, Robert L.**
   Docket No. CR 03-00357SOM-01
   REVOCATION OF SUPERVISED RELEASE
   STATEMENT OF FACTS - Page 2

staffing problems and the offender was clinically discharged, through no fault of his own, and approximately 2 months early from the Po'ailani program. On 9/7/2007, due in part to a lack of resources on the island of Oahu, the offender relocated to the Wainaku area of Hilo, Hawaii, where he currently resides with his wife. It is noted that the offender's wife has significant health problems, a substance abuse history, and is bi-polar. Despite this, the offender was allowed to relocate because of a lack of a residence and resources on Oahu. The offender is currently on the work bench for the local labor union, and receiving mental health services via a case worker at CARE HI.

As indicated in this petition, the Court previously made findings as to Violation Nos. 2 and 3 as charged in the revocation petition filed on 11/13/2006 as follows:

2. On 9/21/2006, the subject provided a urine specimen that tested positive for methamphetamine, and on 10/30/2006, the subject provided a urine specimen that tested positive for marijuana, in violation of the General Condition and Standard Condition No. 7.

3. From on or about 8/29/2006 through 10/5/2006, the subject failed to participate in a mental health program, in violation of Special Condition No. 4.

Because the Court already made a finding as to these violations, the Court is urged to include these findings in its order revoking supervised release. The supplemental violations are as follows:

**Violation No. 4 - On 11/13/2007, the Offender Submitted a Urine Specimen as Part of His Substance Abuse Treatment Regimen and the Specimen was Confirmed Positive for Marijuana and Morphine:** On 11/13/2007, the offender provided a urine specimen at the Drug Addiction Services of Hawaii, Inc. (DASH), which tested presumptively positive for marijuana and morphine. The results were forwarded to Kroll Laboratory Specialists, Inc. (Kroll), for confirmation testing. On 11/19/2007, Kroll reported that the specimen was confirmed positive for marijuana and morphine. On 11/23/2007, the offender admitted that he used heroin and marijuana on or about 11/9/2007.

Re:   **BAKER, Robert L.**
      Docket No. CR 03-00357SOM-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 3

**Violation No. 5 - On 11/20/2007, the Offender Submitted a Urine Specimen as Part of His Substance Abuse Treatment Regimen and the Specimen was Confirmed Positive for Morphine:** On 11/20/2007, the offender provided a urine specimen at DASH which tested presumptively positive for morphine. The results were forwarded to Kroll for confirmation testing. On 11/27/2007, Kroll reported that the specimen was confirmed positive for morphine. On 11/27/2007, the offender admitted that he used heroin on an unknown date between 11/9/2007 and 11/23/2007, which would have given rise to the positive on 11/20/2007.

**Violation No. 6 - On 11/21/2007 and 11/23/2007, the Offender Submitted a Urine Specimen as Part of His Substance Abuse Treatment Regimen and the Specimen was Confirmed Positive for Marijuana and Morphine:** On 11/21/2007, the offender provided a urine specimen at DASH which tested presumptively positive for morphine and marijuana. The results were forwarded to Kroll for confirmation testing. On 11/29/2007, Kroll reported that the specimen was confirmed positive for morphine and marijuana. On 11/27/2007, the offender admitted that he used heroin on an unknown date between 11/9/2007 and 11/23/2007, which would have given rise to the positive on 11/21/2007.

On 11/23/2007, the offender provided a urine specimen at DASH which tested presumptively positive for morphine and marijuana. The results were forwarded to Kroll for confirmation testing. On 11/29/2007, Kroll reported that the specimen was confirmed positive for morphine and marijuana. On 11/27/2007, the offender admitted that he used heroin on 11/23/2007.

Also on this date, this officer met the offender at DASH for a three-way meeting with the offender's DASH counselor. Upon being questioned on 11/23/2007 by this officer, the offender admitted that he had used heroin on 11/9/2007. The offender admitted that his use occurred after his wife had been taken to the emergency room in Hilo after accidentally overdosing on her pain medication. The offender admitted that he had used marijuana afterwards due to the stress of having known he had used heroin. The offender admitted to smoking marijuana subsequent to the event. During a subsequent telephone call on 11/27/2007, the offender indicated that he had last used heroin on 11/23/2007, but that he had also used sometime prior to that date and 11/9/2007, and that that had probably accounted for the 11/20/2007 positive. The offender was remorseful and acknowledged that using heroin was a mistake.

Re:   BAKER, Robert L.
      Docket No. CR 03-00357SOM-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 4


In response to his relapse, the offender agreed to return to Po'ailani. The offender's substance abuse counselor at DASH has indicated that allowing the offender to re-enroll and complete the full program would be a rehabilitative benefit to the offender. The offender was immediately instructed to not use any illicit substances in the future, and was placed in the most restrictive phase of substance abuse treatment and monitoring. The offender and this officer were to look into the offender's return to Po'ailani.

**Violation No. 7 - On 11/26/2007 and 12/3/2007, the Offender Submitted a Urine Specimen as Part of His Substance Abuse Treatment Regimen and the Specimen was Confirmed Positive for Marijuana:** On 11/26/2007, the offender provided a urine specimen at DASH which tested presumptively positive for marijuana. The results were forwarded to Kroll for confirmation testing. On 11/30/2007, Kroll reported that the specimen was confirmed positive for marijuana.

On 12/3/2007, the offender provided a urine specimen at DASH which was presumptively positive for marijuana. The results were forwarded to Kroll for confirmation testing. On 12/7/2007, Kroll reported that the specimen was confirmed positive for marijuana.

Based on the number of positive drug tests for marijuana and the retention period in which marijuana may be detected, this office requested further analysis of the positive urine specimens submitted on 11/21/2007, 11/23/2007, and 11/26/2007. The purpose for the analysis is to determine whether or not these positive drug tests were residual results. It is the opinion of the Kroll Laboratory Director that based on their analysis, the offender continues to use marijuana. The Director bases this opinion upon the increase in normalized levels of drug in the offender's urine specimens. The Kroll analysis indicated the following data:

| Date Collected | THCA ng/ml | Creatinine mg/dL | **Normalized THCA Value** |
|---|---|---|---|
| 11/21/2007 | 42 | 262.7 | **16** |
| 11/23/2007 | 56 | 157.2 | **36** |
| 11/26/2007 | 23 | 43.5 | **53** |

Re: BAKER, Robert L.
Docket No. CR 03-00357SOM-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 5

Based on the offender's continued illicit drug use, it is recommended that the Court issue a No Bail Warrant to show cause why supervised release should not be revoked.

Respectfully submitted by,

_____
KEVIN S. TERUYA
U.S. Probation Officer

Approved by:

_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 12/12/2007

KST/pts