# MINUTES

| | |
|---|---|
| CASE NUMBER: | CR 03-00357SOM |
| CASE NAME: | UNITED STATES OF AMERICA v. ROBERT L. BAKER |
| ATTYS FOR PLA: | Darren W.K. Ching, AUSA |
| ATTYS FOR DEFT: | Loretta A. Faymonville, AFPD |
| U.S.P.O.: | Kevin S. Teruya |

| | | | |
|---|---|---|---|
| JUDGE: | Susan Oki Mollway | REPORTER: | Debra Chun |
| DATE: | December 28, 2007 | TIME: | 10:15 - 10:45 |

COURT ACTION:  ORDER TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

Defendant is present in custody.

On January 11, 2007, the Court nullified its December 12, 2006 finding regarding Violation No. 1 and the previous ruling was held in abeyance. On April 30, 2007, the Court found no finding as to Violation No. 1.

On January 11, 2007, the Court found that the defendant was in violation of Violation Nos. 2 and 3.

The defendant admitted to Violation Nos. 4, 5, 6, and 7.
The Court finds that this is a Grade C violation, Criminal History Category V.

Allocution by the defendant.

Supervised Release is revoked.

    ADJUDGED: 8 MONTHS.

    SUPERVISED RELEASE: 28 MONTHS, upon the following conditions:

1. That the defendant shall abide by the standard conditions of supervision.

2. That the defendant not commit any crimes, federal, state, or local (mandatory

      condition).

3. That the defendant not possess illegal controlled substances (mandatory condition).

4. That the defendant shall cooperate in the collection of DNA as directed by the probation officer (mandatory condition).

5. That the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

6. That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the terms of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

7. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

8. That the defendant serve up to 6 months community confinement in a residential reentry center such as Mahoney Hale, following release from imprisonment at the discretion of the Probation Office. While serving the term of community confinement, the defendant shall obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

9. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information.

10. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

11. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

12. That the defendant shall participate in the residential dual-diagnosis treatment program at Po'ailani upon release, including any aftercare that may be deemed necessary, until he is clinically discharged.

The Court clarified that the defendant may be released early from Mahoney Hale pending the availability of an open bed space at Po'ailani. The defendant shall serve the full 8

months incarceration with credit for time served.

Advised of rights to appeal the sentence, etc.

The defendant is remanded to the custody of the USMS.

    Submitted by: Mary Rose Feria, Courtroom Manager